## GEORGE PIERCE *versus* RUFUS SAXTON, Administrator.

Where a claim presented to the commissioners of an insolvent estate is rejected, and the creditor recovers in an action at law against the administrator, brought in pursuance of *St.* 1784, *c.* 2, he is entitled to an execution for the costs of the action, against the administrator, *de bonis propriis;* but the judge of probate may allow the costs to be charged in the administration account, unless the administrator unreasonably objected to the claim.

DEBT on a judgment against the intestate.

In the Court of Common Pleas, it appeared that the estate of the intestate was represented to be insolvent ; that the plaintiff presented his claim against the estate to the commissioners of insolvency appointed in consequence of such representation ; that the claim was rejected ; that the plaintiff having filed due notice at the probate office, commenced this action at the next term of the Court of Common Pleas ; and that it was agreed by the parties, that judgment should be rendered for the plaintiff, as upon default. It further appeared, that the estate was actually insolvent.

The question submitted to the Court of Common Pleas was, whether judgment should be rendered against the defendant for costs, *de bonis propriis*, or not ; and that Court adjudged, that the plaintiff was not entitled to such judgment.

To this decision the plaintiff excepted.

*Sept. 24th.*     *Arms* and *Grennell,* for the plaintiff, cited *Brooks* v. *Ste vens,* 2 Pick. 68 ; *Healy* v. *Root,* 11 Pick. 389 ; *Hardy* v *Call,* 16 Mass. R. 530.

*Bates* and *Dewey* for the defendant.

WILDE J. afterward drew up the opinion of the Court. Upon the facts agreed the Court is of opinion, that the plaintiff is entitled to judgment for costs against the defendant, *de bonis propriis.*

The *St.* 1784, *c.* 2, provides, that " when a claim is disputed in the course of the common law, execution shall not issue as in common cases, but the judgment of the court respecting the same shall be the amount of the claim, and added to or deducted from the commissioners' report, as the case may require." It is intended, we think, that the debt or claim only is to be added to or deducted from the commissioners' report. And this construction of the statute we think can do no injustice to the administrator ; for in all cases the judge of probate would undoubtedly allow an executor or administrator to charge the costs paid, in his account of administration, unless he had unreasonably objected to a creditor's claim, thereby compelling him to commence a suit or abandon his just claim. And if the executor or administrator does without cause object to a creditor's claim, there is no good reason to be given, why he should not be liable for costs. The construction, therefore, which we give to the statute will work no injustice, and may operate as a beneficial restraint upon executors and administrators, who may be disposed to abuse their trust. [See *Burns* v *Fay, ante, p.* 8.]